```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ALLION MICHELE CRUZ,                                               :
                                                                   :
                              Plaintiff,                           :
                                                                   :            23-cv-8311 (LJL)
              -v-                                                  :
                                                                   :                ORDER
JKS VENTURES, INC.,                                                :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/2024

LEWIS J. LIMAN, United States District Judge:

The parties have asked the Court to approve on an individual basis the entry of a proposed consent decree in this case originally filed as a putative class action. Dkt. No. 17. The proposed consent decree has an unusual provision. It states that the Plaintiff and Defendant intend and agree that the consent decree "shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website and members of the class identified in the Complaint, which persons with disabilities shall constitute third-party beneficiaries to this Consent Decree." Dkt. No. 17 ¶ 20. Defendant has stated that "the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims … that are being addressed and resolved pursuant to this settlement." Dkt. No. 17 at 2.

It is black-letter law that a putative class member in a class action that has not been certified is not bound by decisions in that action and retains all of the rights she would have had if the action had not been filed. *See Smith v. Bayer Corp.*, –564 U.S. 299, 313 (2011). A class action settlement binds class members only if the court approves it after the class members are

given reasonable notice of the settlement and after a hearing at which the court finds that the settlement is fair, reasonable and adequate.  Fed. R. Civ. P. 23(e)(2).  The Court has not been asked to make such a finding.   Accordingly, the Court requires further information before it approves the consent decree and specifically whether the consent decree is intended to do more than give such third parties rights under the decree without detracting from any rights that they might enjoy under substantive law, including the Americans with Disabilities Act.   Such supplemental briefing shall be filed by February 16, 2024.

      SO ORDERED.

Dated: February 9, 2024
      New York, New York

                                    LEWIS J. LIMAN
                                  United States District Judge